Matter of the Estate of FRANCIS HATHAWAY, Deceased.

(*Surrogate's Court, New York County, 1899.*)

TRANSFER TAX—ANCILLARY LETTERS—JURISDICTION—CODE CIV. PRO., § 2477.

Where a non-resident leaves property in two counties in New York, the surrogate who first issues ancillary letters acquires exclusive jurisdiction to appoint an appraiser for the purposes of the transfer tax, even though the proceedings before him were irregular in that the ancillary letters were obtained without citing the county treasurer.

Motion to vacate the appointment of a transfer tax appraiser.

T. Frank Brownell, for motion; Emmet R. Olcott, opposed.

VARNUM, S.— This matter was originally submitted to Surrogate Arnold, and subsequently, after reargument, submitted to me. The decedent, who was a nonresident, died in 1895, leaving property in the county of Chemung, and also in the county of New York. Ancillary letters were obtained in the former county, but without citation to the county treasurer, as required by law. In August, 1895, on application by the comptroller of the county of New York, a transfer tax appraiser was appointed in that county. The present motion is made to vacate such appointment, on the ground that the surrogate of this county had no jurisdiction to make the order. In reply, it is urged that the jurisdiction of both surrogates to issue ancillary letters of administration, and to enforce the transfer tax, was originally concurrent, and that the failure on the part of the surrogate of Chemung to cause the county treasurer to be cited, while only an irregularity so far as the validity of the ancillary letters themselves are concerned, nevertheless caused him to fail to obtain jurisdiction for transfer tax purposes. The surrogate of New York was, therefore, according to this contention, the first surrogate to obtain jurisdiction for such purposes when he made the order sought to be vacated. This claim cannot, I think, be maintained. Section 10 of chapter 399 of the Laws of 1892 furnishes the law applicable to the matter, and makes jurisdiction to assess the transfer tax thereunder depend upon jurisdiction to grant letters testamentary or of administration or to " give ancillary letters," etc. The surrogate of Chemung county having issued ancillary letters, although there appears to have been irregularity in the proceeding, the surrogate of this county would have no jurisdiction to issue them. § 2477, Code Civ. Pro. He, therefore, would have no jurisdiction for transfer tax purposes, and the application to vacate order appointing appraiser is granted.

Application granted.